**JONES et al. v. BASS.**

No. 1348—5900.

Commission of Appeals of Texas, Section B.

May 16, 1932.

Sam G. Croom, of Houston, for plaintiffs in error.

Charles F. Byers and George A. Byers, both of Houston, for defendant in error.

LEDDY, J.

The Fifty-Fifth district court of Harris county has two terms of court each year. The first term, which is known as the January-June term, begins on the first Monday in January and continues until and including Sunday next before the first Monday in July. The second term, which is known as the July-December term, begins on the first Monday in July and continues until and including the Sunday next before the first Monday in the following January. Subdivision 11, art. 199, R. S. 1925.

This cause was tried before said court on November 18, 1927, without a jury. The court took the case under advisement, but did not render a decision therein until August 23, 1928, when judgment was rendered against the plaintiffs in error.

Within the time required by article 2092, R. S. 1925, plaintiffs in error filed their motion for a new trial, and also filed an amended motion within due time. These motions, though filed at the July-December term, 1928, were not acted upon by the court until April 17, 1929, at the January-June term, at which time the trial court signed an order granting plaintiffs in error a new trial, and noted said action on the motion docket of said court. This order, however, was not entered in the minutes of the court.

Thereafter, at the next term, on December 14, 1929, the court entered an order overruling plaintiffs in error's motion for a new trial. It is recited by the court that the order granting a new trial at the previous term of the court was never entered upon the minutes of the court, and that it was inadvertently signed by the court under a misconception of law involved in a decision of the Court of Civil Appeals in the case of Rouff v. Boyd, 16 S.W.(2d) 403, as applicable to the facts of this case.

Plaintiffs in error insist that the order signed by the court granting them a new trial at the January-June term, 1928, became final

at the adjournment of that term, and the court was therefore without power to set aside or modify the same at the succeeding term.

It is defendant in error's view that the judgment in this case became final, because the record discloses that the amended motion for a new trial filed on September 20, 1928, was not presented to the trial court within thirty days from the date of its filing, and that no action taken by the trial court in granting the motion for a new trial on April 7, 1929, or in overruling the same on December 14, 1929, could change the finality of said judgment.

That a district court, which is controlled by the provisions of article 2092, is clothed with power to act upon a motion for new trial at the term succeeding that in which it has been filed is settled by the decision of our Supreme Court in the case of Nevitt v. Wilson, 116 Tex. 29, 285 S. W. 1079, 48 A. L. R. 355.

It is only necessary, therefore, to determine whether the order granting the new trial entered on April 17, 1929, could be lawfully set aside at a succeeding term of the court.

It is the universal rule that courts possess the inherent power to correct or amend their judgments so as to make their records speak the truth, even though the term of court at which a judgment is rendered has expired. Coleman v. Zapp, 105 Tex. 491, 151 S. W. 1040; Arrington v. McDaniel, 119 Tex. 148, 25 S.W.(2d) 295; Freeman on Judgments (5th Ed.) vol. 1, §§ 216, 200; 15 R. C. L. p. 673, § 124.

It is equally well settled that the amendment or correction of a judgment for a judicial error cannot be had after the term has expired at which the judgment was rendered. Such a judgment can only be corrected through appellate review. Arrington v. McDaniel, supra, and authorities there cited.

If the district judge in this case had in fact intended to overrule the motion for a new trial, but through inadvertence had signed an order granting the same, then the record could have been corrected at a subsequent term so as to make it in harmony with the actual ruling of the court. In this case it is shown that the district judge, by signing the order of April 17, 1929, intended to do the very thing the order purported to do; that is, to grant plaintiffs in error a new trial. This order was noted upon the docket of the court. Inasmuch as this order was intended by the court to have the effect its terms implied, it reflected the true action of the court. The fact that it was not entered upon the minutes does not affect its finality after the expiration of the term at which it

was made. Such entry could be made at any time, as the entry of a judgment in the minutes of the court is merely a ministerial act.

The ground upon which it is asserted that the order was inadvertently entered is that the court misconstrued the legal effect of a decision of the Court of Civil Appeals, and but for such fact would not have granted the motion. The entry of this order under the circumstances clearly constituted a judicial error. It was beyond the power of the court to amend the same after the expiration of the term at which it was entered. The rule in this regard is well expressed by Mr. Freeman in his work on Judgments (1925) § 142, p. 277, wherein it is said: "Where there is nothing to show that the judgment entered is not the judgment ordered by the court, it cannot be amended."

It is unnecessary for us to enter into a lengthy discussion of this question, as the authorities sustaining the view we have announced are fully and exhaustively reviewed by Judge Sharp in the Arrington Case, above cited.

The order granting plaintiffs in error a new trial became final at the expiration of the term of court at which it was entered; hence the subsequent order at the succeeding term overruling the motion for new trial is wholly void.

The Court of Civil Appeals erred in its conclusion that it was without jurisdiction to set aside the void order of December 14, 1929. "It is true," says Judge Brown, in Williams v. Steele, 101 Tex. 382, 108 S. W. 155, 157, "that, when the court in which a judgment has been rendered has not jurisdiction, the appellate court has not power to do that which the trial court could not do; but it has authority and jurisdiction over the void proceedings to declare their invalidity and set them aside"—citing Roy v. Whitaker (Tex. Civ. App.) 50 S. W. 491, 498; Gray v. Maddox, 5 Tex. 528; Aycock v. Williams, 18 Tex. 395. To the same effect is the decision in Leslie v. Griffin (Tex. Com. App.) 25 S.W.(2d) 820.

We therefore recommend that the judgment of the Court of Civil Appeals be reversed, that the order of the district court of December 14, 1929, be declared void, and this cause stand for trial upon the docket of said court as if no such order had been entered.

CURETON, C. J.

Judgments of the district court and Court of Civil Appeals are both reversed, and the cause remanded, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.