C. M. HENN ET AL v. THE CITY OF AMARILLO

No. A-6195. Decided April 17, 1957.
(301 S.W. 2d Series 71)

*McCarthy, Rose & Haynes, Adkins, Folley McConnel & Hankins,* all of Amarillo, for petitioners.

*Gibson, Ochsner, Harlan, Kinney & Morris, S. Tom Morris* and *J. Hadley Edgar,* all of Amarillo, for respondent.

MR. JUSTICE NORVELL delivered the opinion of the Court.

The Court of Civil Appeals reversed a judgment in condemnation rendered by the County Court at Law of Potter County upon the theory that such judgment was rendered out of term time and therefore void. City of Amarillo v. Henn, 297 S.W. 2d 732. While this action may be erroneous for additional reasons, we are of the opinion that basically it must be held that an order of the Commissioners Court of Potter County dated April 25, 1933 is not void but at most voidable only and hence not subject to collateral attack.

From a bill of exceptions brought forward by the City of Amarillo it appears that the minutes of a meeting of the Commissioners Court of Potter County held on April 24, 1933 contain the following final entry:

"The above and foregoing minutes read in open court and in all things approved.

"Court adjourned.

"Attest: W. E. Blackburn      J. M. Simpson
    County Clerk         County Judge"

The following day another meeting was held and the minutes thereof read as follows:

"BE IT REMEMBERED that on this the 25th day of April, A.D. 1933, the Honorable Commissioners Court of Potter County, Texas, met in "CALLED SESSION" at the Court House in Amarillo, Texas, with the following members present and presiding: (here follows names of members) when the following proceedings were had and done, to wit:

"ORDERED by the Court that the TERMS of the County Court of Potter County, Texas, be and are hereby changed and that hereafter the TERMS of said Court shall begin on the First Monday in June, August, October, December, February and

April of each year hereafter until otherwise ordered by the Court, which TERMS shall continue in session until the end of the week next preceding the date hereby provided for the convening the next term of such Court.

"The above and foregoing minutes read in open court and in all things approved.

"Court adjourned.

"Attest: W. E. Blackburn          J. M. Simpson
        County Clerk              County Judge."

By statute the terms of the Potter County Court at Law are the same as those of the County Court, Article 1970-311a, (Section 7), Vernon's Ann. Texas Stats. On May 3, 1956 during the April term prescribed by the above order, the County Court at Law rendered judgment in favor of the petitioners, C. M. Henn and others and against respondent, City of Amarillo, for the sum of $236,671 for land appropriated by the City in order to extend and expand existing runways of the Municipal Airport. The City argues that as the Honorable Mary Lou Robinson, Judge of the County Court of Law, purported to act under and in accordance with the order of the Commissioners Court of April 25, 1933,[1] that the judgment of May 3, 1956 is void because the Commissioners Court order is void.[2]

---

[1] The bill of exceptions contained in the transcript is in the nature of a statement of facts and contains the evidence, oral and documentary, which was adduced upon motion to vacate the judgment. The bill discloses an order of the Commissioners Court dated March 12, 1928 which was admittedly adopted at a regular term of the Commissioners Court. This order provides that "the terms of the County Court of Potter County be and are hereby changed, and that hereafter the terms of said Court be and the same are hereby fixed as follows: The terms of said Court shall begin on the FIRST MONDAY IN MAY, JULY, SEPTEMBER, NOVEMBER, JANUARY and MARCH of each year hereafter, unless otherwise ordered by this Court, which terms shall continue in session until the end of the week next preceding the date hereby provided for the convening of the next term of such Court."

It would seem that if the order of April 25, 1933 were wholly void, the order above quoted would be effective rather than the constitutional three week terms begining on the first Monday of February, May, August and November as suggested by respondent. Insofar as the Commissioners Court orders of 1928 and 1933 are concerned, Thursday, May 3, 1956 would be in term time. See in this connection Rule 19, Texas Rules of Civil Procedure. If the constitutional terms be applicable, the February term would have expired on February 25th and the May term would not have opened until May 7, 1956. The question of whether as between the two, the Commissioners Court order of April 25, 1933 or that of March 12, 1928 be effective would have a bearing on whether a motion for new trial were required as a prerequisite for appeal. See Rule 329-a, Texas Rules of Civil Procedure.

---

[2] Respondent as appellant in the Court of Civil Appeals was in the position of appealing from a judgment which it contended was wholly void. If this premise,

■ It is asserted that the minutes above set forth show that the regular term of the Commissioners Court of Potter County was adjourned on April 24, 1933 and hence the order of April 25th, setting the terms for the County Court, was passed at a special as distinguished from a regular term. Petitioners, Henn and others, make some contention that all the minutes disclose is that the meeting of April 25, 1933 was a "special session." There is a marked difference between a session and a term, Labadie v. Dean, 47 Texas 90, 11 Texas Jur. 798, Courts Section 66, but under the view we take of the cause, it is deemed immaterial and we may assume that the order of April 25, 1933 was not adopted at a regular term of the Commissioners Court. Unless this circumstance renders the order an absolute nullity it must be recognized as effective in this proceeding. While the motion to vacate judgment filed in the trial court may be considered as a direct attack upon the money judgment rendered against the respondent City, it does not constitute a direct attack upon the Commissioners Court order, Scott v. Graham, 156 Texas 97, 292 S.W. 2d 324, and an order adopted by a Commissioners Court, unless wholly void, is generally considered immune from collateral attack. Yoakum County v. Gaines, 139 Texas 442, 163 S.W. 2d 393.

■ In determining this issue of voidness, it is necessary to consider certain detailed constitutional provisions relating to the authority of commissioners courts to establish terms for county courts. Article 5, Section 29 of the Texas Constitution provides that:

"The County Court shall hold at least four terms for both civil and criminal business annually, as may be provided by the Legislature, or by the Commissioners' Court of the county under authority of law, *and such other terms each year as may be fixed by the Commissioners' Court;* provided, the Commissioners' Court of any county having fixed the times and number of terms

---

voidness of judgment, be well taken, then the trial court, the Court of Civil Appeals or this Court would have authority and jurisdiction over such void judgment to declare its invalidity and set it aside. Williams v. Steele, 101 Texas 382, 108 S.W. 155; Jones v. Bass, Texas Comp. App., holding approved by the Supreme Court, 49 S.W. 2d 723, 3A, Texas Jur., 89, Appeal and Error, Section 69. If the Commissioner's Court order of April 25, 1933, setting the terms of the County Court, must be accorded verity in this proceeding (and we so hold), then the only properly supported assignment which we may consider is that asserting that the judgment is a nullity. An appeal from the disputed judgment was properly taken to the Court of Civil Appeals and thence a writ of error prosecuted to this Court. Hence, under our holding that the judgment of the trial court is not wholly void, we are authorized to affirm such judgment.

of the County Court shall not change the same again until the expiration of one year. Said court shall dispose of probate business either in term time or vacation, under such regulation as may be prescribed by law. Prosecutions may be commenced in said courts in such manner as is or may be provided by law, and a jury therein shall consist of six men. Until otherwise provided, the terms of the County Court shall be held on the first Monday in February, May, August and November, and may remain in session three weeks."

The Constitution does not restrict the authority of the Commissioners Court to actions taken at regular terms. In fact the clause relating to additional county court terms, that is those in excess of four per year, contains no reference to "authority of law" which is a phrase generally construed as relating to legislative action or control. It has been held that this constitutional provision is self-operative. Hughes v. Doyle, 91 Texas 421, 44 S.W. 64, and that the Legislature was without authority to restrict the grant of power to the Commissioners Court contained in the constitutional provision. Farrow v. Star Ins. Co. of America, Texas Civ. App., 273 S.W. 318, no writ history, wherein it appeared that the Commissioners Court had provided for twelve terms per year for the county despite a statutory limitation of six.

Article 1962, Vernon's Ann. Texas Stats., provide that:

"The commissioners court may, *at a regular term thereof,* by an order entered upon its records, provide for more terms of the county court for the transaction of civil, criminal and probate business, and fix the times at which each of the four terms required by the Constitution, and the terms exceeding four, if any, shall be held, not to exceed six annually, and may fix the length of each term. When the number of the terms of the county court has been fixed, the court shall not change the order before one year from the date of entry of the original order fixing such terms."

As the power of the Commissioners Court to provide terms for the county court stems from the Constitution, it seems reasonable to regard the statute as prescribing the form or method by which this power may be exercised rather than as an attempt to prescribe a condition essential to a legal exercise of a power theretofore delegated. The actions of the Commissioners Courts are subordinate and subject to legislative control but every departure from a prescribed method does not render such

actions void so as to subject them to collateral attack. In Davis v. State ex rel. Wren, 75 Texas 420, 12 S.W. 957, Mr. Justice Gaines (who also wrote the opinion in Hughes v. Doyle, 91 Texas 421, 44 S.W. 64) speaking for this Court, held that even though a statute be considered as placing an "imperative duty" upon the commissioners court to make each ward of a city, town or village an election precinct, yet the action of the Court in establishing election precincts not in conformity with the statute was not subject to collateral attack. It is said in effect that it would be unreasonable to presume that the Legislature intended such result. See also Harrison v. Jay, 153 Texas 460, 271 S.W. 2d 388. The only reason suggested in the briefs for the Legislature's use of the words "at a regular term" in Article 1962 is that "The terms of court are a matter of great public interest; it is important that there be a large measure of certainty and stability and that the time at which changes may be made be publicly known," and hence limited to actions taken at regular terms of the Commissioners Court. It would seem that if the prevention of the entry of secret orders be the purpose of the statutory wording relating to "regular terms," such purpose could be adequately served by requiring that an order not entered during a regular term be attacked by a direct proceeding having for its purpose the nullification of the irregularly adopted order. The undesirable results attendant upon a rule subjecting orders setting terms of court to collateral attacks is obvious and impels the conclusion that such policy was not the intention of the Legislature. Davis v. State ex rel. Wren, 75 Texas 420, 12 S.W. 957; Turner v. Allen, Texas Civ. App., 254 S.W. 630, wr. dism.

Respondent relies upon Ex Parte Wade, 147 Texas Cr. Rep. 175, 179 S.W. 2d 574. Upon an application for writ of habeas corpus, the relator was ordered discharged and the Court of Criminal Appeals adopted the brief of the State's Attorney as its opinion. From the report of the case it appears that the Commissioners Court of Upshur County adopted the following order:

"The Commissioners Court met on above date (January 4, 1943) in special session * * *.

"Motion made, seconded and carried that the county court for criminal procedure be continued through the year of 1943 from term to term."

This order was held void "for the reason that it did not attempt to change or fix the number of terms of the county court to be held in Upshur County, but apparently only attempted to

fix the length of each term." As a further and additional reason for holding this order ineffective and subject to collateral attack in a habeas corpus proceeding the belief was expressed that such order was "void for the further reason that same was not passed at a regular term of the Commissioners Court but in a special session." For the reasons heretofore given, we are not in accord with this latter statement. No authorities are cited in support thereof and it obviously was not essential to a decision of the case. Somewhat similar dicta is contained in the condensed report of the Court of Appeals in Missouri Pacific Ry. Co. v. Graves, 2 Willson Civ. Cases, Section 676. In neither of these cases does it appear that a period of time consisting of a number of years (approximately 23 in the case before us) had expired prior to the attack upon the Commissioners Court order, and while the mere passage of time can seldom, if ever, render a void act effective, it may constitute a legitimate and practical consideration in determining whether the disputed act should be classified as voidable rather than void. While counsel for respondents are to be commended for their industry and resourcefulness, we are constrained to hold that it was not the intention of the Legislature to render orders of the Commissioners Courts, setting terms of county court subject to collateral attack because of the statutory irregularity in method of adoption reflected by the record.

For the reasons stated, we hold that the judgment of the trial court was not void as respondent contends. The judgment of the Court of Civil Appeals is accordingly reversed and that of the trial court affirmed.

Opinion delivered April 17, 1957.