F. W. BURGESS et ux., Appellants,

v.

STATE of Texas, Appellee.

No. 13730.

Court of Civil Appeals of Texas.

San Antonio.

April 5, 1961.

Osce Fristoe, Harlingen, for appellants.

F. T. Graham, Brownsville, for appellee.

MURRAY, Chief Justice.

This is a condemnation proceeding by the State of Texas against F. W. Burgess and wife, Mabel C. Burgess, to condemn land for highway purposes out of two tracts of land owned by defendants. The case was tried in the County Court at Law of Cameron County, Texas, before a jury, on special issues. The trial court ultimately rendered judgment upon the verdict of the jury in favor of plaintiff for the land and for the defendants for compensation. F. W. Burgess and wife have prosecuted this appeal.

Appellants' first contention is that the trial court erred in entering judgment nunc pro tunc at a subsequent term of the court, when it had already entered a judgment on the verdict of the jury and then set that judgment aside.

To understand appellants' contention, a complete statement of what happened in the trial court is required. Art. 1970–305, Sec. 7, Vernon's Ann.Tex.Stats., provides for terms of court as follows:

"Art. 1970–305. County court at law Cameron county created

"Sec. 7. The County Court at Law of Cameron County, Texas, shall hold six (6) terms of Court each year, commencing on the first Monday in January, March, May, July, September, and November of each year and each term shall continue until the businesss of said Court shall have been disposed of; provided, however, that no term of said Court shall continue beyond the date fixed for the commencement of its new term, except upon an order entered on its minutes during the term extending the term for any particular causes therein specified. As amended Acts 1955, 54th Leg., p. 223, ch. 57, § 1; Acts 1959, 56th Leg., p. 283, ch. 159, § 1."

The trial began on April 25, 1960, and the jury returned their special issue verdict on April 26, 1960, which verdict was then and there received and filed. On April 28, 1960, appellants filed their motion for a new trial, and on April 30, at the request of appellants, the trial court entered an order extending the term for the specific purpose of passing upon appellants' motion for a new trial or amendments thereof. The term of court expired on April 30, 1960. On May 3, 1960, appellants filed their first amended motion for a new trial. On April 27, 1960, appellee at the request of the court prepared a draft of the final judgment. This draft was left with the clerk of the court. The trial court did not sign or approve this draft of the judgment during term time. The trial court was of the impression that it had continued the term generally, while in fact it had continued it

for the sole purpose of passing on appellants' motion for a new trial.

On June 9, 1960, the trial court entered an order overruling appellants' motion for a new trial, and at the same time rendered a final judgment in the cause.

Thereafter, on June 17, 1960, appellants filed a motion reciting the above facts and asked the court to set aside the judgment entered on June 9, 1960, and to enter a judgment nunc pro tunc upon the verdict of the jury, which motion was granted. The former judgment was set aside, and judgment nunc pro tunc was entered on June 27, 1960, as of April 26, 1960. Thereafter, on June 30, 1960, appellants again filed a motion for new trial, which was also overruled by the court.

Appellants' exact contention here is that when the trial court set aside the judgment which it entered on June 9, 1960, it in effect granted a new trial and could not thereafter enter another judgment nunc pro tunc. We overrule this contention.

■ The entry of the judgment by the court on June 9, 1960, was a void act, and the judgment so entered was void and of no effect. It is clear that this case was tried and the verdict of the jury rendered during the March-April term of the County Court at Law of Cameron County. No attempt was made to continue the term, except for the limited purpose of passing upon the motion for a new trial. When the term expired without a judgment having been entered, the trial court was without jurisdiction at a subsequent term to enter judgment, except upon a motion to enter nunc pro tunc with notice to the opposing party, and the trial court's attempt to render judgment at a subsequent term, without motion and notice, was a nullity and of no effect. City of Amarillo v. Henn, Tex.Civ.App., 297 S.W.2d 732, reversed on other grounds, 157 Tex. 129, 301 S.W.2d 71; Glasscock v. Pickens, Tex.Civ.App., 73 S.W.2d 992; Texas Mutual Life Ins. Ass'n v. Laster, Tex.Civ.App., 69 S.W.2d 496; Rouff v.

Boyd, Tex.Civ.App., 16 S.W.2d 403; Engelman v. Anderson, Tex.Civ.App., 244 S.W. 650.

We have not taken into consideration the recent amendment to Rule 329a, Texas Rules of Civil Procedure, as such amendment did not become effective until January 1, 1961, long after this case was disposed of in the trial court.

■ After the verdict was returned it was the ministerial duty of the trial court to enter judgment on this very full and final verdict, and this could very properly have been done at a subsequent term of the court, upon proper motion for entry of judgment nunc pro tunc and notice; and appellants' time within which to perfect their appeal would begin to run from such date. Rule 306c, T.R.C.P.

Appellants' second point is as follows:

"a. The court erred in admitting the testimony of the witnesses Terrence Spring, R. T. Moore and H. W. Bahnman on direct examination of the sale price of various tracts of land in Cameron County, Texas, ranging from four (4) to six (6) years prior to the taking of the land by condemnation in this proceeding, when it was not shown that the land was of comparable value or location and it not having been shown that there was no change in valuation between the dates of sales and the date of the taking of the property in this proceeding by plaintiff herein, all of said testimony was admitted over the objection of the defendants that the lands involved in the sales referred to were not comparable in value or location and no showing that there was no change in valuation between the dates of such sales and the condemnation in this proceeding, and over the further objection of defendants that all such testimony of said witnesses was purely hearsay and was not upon personal knowledge of said witnesses, all of said testimony was highly prejudicial to the defendants.

"b. The court erred in refusing to strike out the testimony of said witnesses, upon defendants' timely request, upon the grounds that the same was hearsay and not in response to any predicate laid, and over the further objection that the lands sold in said transactions were not comparable in value or location in that such sales were too remote, and it not having been shown that there was no change in the values between the dates of sales and the date of the taking of the property in question."

Appellee has not favored us with a brief and we therefore take the statement of appellants as being correct. The testimony under all the circumstances was inadmissible and highly prejudicial, and the trial court erred in not excluding it. Thompson v. State, Tex.Civ.App., 319 S.W. 2d 368; 118 A.L.R. 870, 876.

The judgment is reversed and the cause remanded.