**COUNTY OF HARRISON, Appellant,**

v.

**Hestwood CLAYTON and Lilly Clayton, Individually and as Co-Executors of the Estate of Rupert Clayton, et al., Appellees.**

No. 8297.

Court of Civil Appeals of Texas, Beaumont.

July 12, 1979.

Rehearing Denied Aug. 16, 1979.

Richard M. Anderson, Marshall, Craig Porter, San Angelo, for appellant.

R. James George, Jr., Austin, D. P. Hathaway, O. L. Parish, Jr., Ernest J. Grindstaff, Ballinger, for appellees.

KEITH, Justice.

Plaintiff below appeals from a summary judgment entered in its action in trespass to try title to certain school lands situated in Runnels County. We affirm.

Plaintiff sought to establish superior title to two tracts of land situated in Runnels County. One tract consisting of 368 acres has been occupied by the defendant family since about 1907, while the other, consisting of approximately 586 acres, has been occupied by another defendant family for almost as long. Plaintiff claims such land constitutes a part of its school land which it received from the State in 1858.

Plaintiff's school land was surveyed by one McDonald in 1852, and its patent is based upon his field notes. Defendants' tracts lie to the north and the east of the land described in plaintiff's field notes which it has occupied and has had under fence since at least 1916.

From the Commissioners Court records of Harrison County, it appears that between 1852 and about 1900, there were disputes between Harrison County and its neighbors over the exact location of its tract of land in Runnels County. It was shown by certified copies of minutes that Harrison County entered an order in 1914 establishing its boundaries in accordance with a survey of the land made by its surveyor, Cook, in 1903. This order authorized the county

judge to execute a boundary agreement with adjacent landowners, including defendants' predecessors in title, so as to establish the boundaries to its school land upon the ground. This agreement was executed and recorded in the deed records of Runnels County in 1914 and all parties, according to our record, lived peaceably under its terms until the filing of this suit in 1977—some sixty-four years.

Defendants moved for summary judgment and attached to their motion the minutes of the Commissioners Court, the boundary agreement, the Cook survey, an affidavit of one who helped build the fences along the agreed boundaries, and proof of occupancy for many years.

Plaintiff appeals upon a single *"Malooly"* point of error.[1] It contends that there were various fact issues presented in the pleadings and the affidavits precluding the trial court action granting the motion for summary judgment. The usual array of cases is cited[2] in support of such contention and it argues that there were fact issues presented, *e. g.,* "The Location of the Stone Mound", referring to a mound mentioned in McDonald's original survey in 1852. In its presentation, plaintiff studiously avoids meeting the issue presented by the defendants, *i. e.,* the validity and binding effect of the 1914 boundary settlement.

Instead of facing such issue, plaintiff seems to dance around the doctrine of collateral attack and attempts to pole vault to a reversal without a pole.

■ We start with the fundamental principle that under our constitution, the Commissioners Court of Harrison County had full, plenary, and exclusive jurisdiction to deal with the county's school land. *Tex. Const. art. V, § 18.* It has long been the law that under this constitutional provision, commissioners courts acting within the

sphere of their authority are regarded as courts of general jurisdiction. *Williams v. Castleman,* 112 Tex. 193, 247 S.W. 263, 268 (1922).

Indeed, as was held in *Yoakum County v. Gaines County,* 139 Tex. 442, 163 S.W.2d 393, 396 (1942):

> "[S]uch judgments are not subject to collateral attack, and are reviewable only upon an appeal or in a direct action for that purpose . . . ."

See also *Henn v. City of Amarillo,* 157 Tex. 129, 301 S.W.2d 71, 74 (1957).

■ Boundary agreements with reference to school lands have been recognized as being within the power of commissioners courts. *Colorado County v. Travis County,* 176 S.W. 845, 849 (Tex.Civ.App.—Amarillo 1915, no writ). In any event, such would be an implied power. See *Bullock v. Calvert,* 480 S.W.2d 367, 372 (Tex.1972). The Commissioners Court of Harrison County acted judicially in fixing the boundaries of its school lands in 1914. Such order may not now be attacked collaterally. *Scott v. Graham,* 156 Tex. 97, 292 S.W.2d 324, 327–28 (1956). See also *Live Oak County v. Lower Nueces River Water Supply Dist.,* 446 S.W.2d 14, 22 (Tex.Civ.App.—Beaumont 1969, writ ref'd n. r. e.).

Plaintiff could prevail only by showing that its 1914 order fixing the boundaries to its land was void. *Crawford v. McDonald,* 88 Tex. 626, 33 S.W. 325, 327 (1895). It made no such showing—and more importantly—made no effort to show that the prior judgment of its Commissioners Court was even subject to attack.

Having reviewed the record under the appropriate standards, *e. g., Gibbs v. General Motors Corp.,* supra, and finding no error, the judgment of the trial court is in all things AFFIRMED.

---

1. *Malooly Bros. v. Napier,* 461 S.W.2d 119, 121 (Tex.1970): The District Court erred in granting Defendant's Motion for Summary Judgment.

2. Some of the cases relied upon by plaintiff are these: *Gibbs v. General Motors Corp.,* 450

S.W.2d 827 (Tex.1970); *Great American Reserve Ins. Co. v. San Antonio Plumbing Supply Co.,* 391 S.W.2d 41 (Tex.1965); *Valley Stockyards Co. v. Kinsel,* 369 S.W.2d 19 (Tex.1963). We recognize the validity of the holdings in each of the cited cases; but they are not applicable to the case under review.