MEMORIAL MEDICAL
CENTER, Appellant,

v.

Federico GARCIA, Individually, et
al., Appellees.

No. 13–86–132–CV.

Court of Appeals of Texas,
Corpus Christi.

June 12, 1986.

William DeWitt Alsup, Corpus Christi,
for appellant.

Clem Lyons, San Antonio, for appellees.

## OPINION

PER CURIAM.

Appellant attempts to appeal from an order entered by the trial court on January 13, 1986.[1] The order is interlocutory and non-appealable. We therefore dismiss the appeal for want of jurisdiction.

Federico Garcia, Individually and as Next Friend of three minor children of Tomasa Garcia, deceased, and as Representative of the Estate of Tomasa Garcia sued six physicians and Memorial Medical Center, for the death of Tomasa Garcia. The suit against the hospital was brought pursuant to the Texas Tort Claims Act. TEX.CIV. & PRAC.REM.CODE ANN. § 101.001 et seq. (Vernon 1986).

---

1. We note that Memorial Medical Center claims an exemption from posting an appeal bond under § 102.005 of the Civil Practices and Remedies Code. Because we dismiss this appeal for want of jurisdiction on other grounds, we do not reach the question of appellant's exemption from a bond.

On the second day of trial, a newly discovered document from the blood bank at Memorial Medical Center was produced in open court and testimony concerning the document was presented to the jury. Outside the presence of the jury, plaintiff moved for a mistrial claiming that the newly discovered document was a surprise. The trial court granted a mistrial and dismissed the jury. That afternoon, a hearing was held and the following order was entered:

> On the 7th day of January, 1986, came on to be heard Plaintiffs' Motion for Assessment of Sanctions against the Defendant, MEMORIAL MEDICAL CENTER, subsequent to the granting of Plaintiffs's Motion for Mistrial on said date. The Court, after considering Plaintiffs' Motion to Assess Expenses as Sanctions, after hearing the evidence presented thereon and arguments of counsel is of the opinion that said Motion should be granted pursuant to Rule 166b, Section 5, of the Texas Rules of Civil Procedure.
>
> It is therefore ORDERED, ADJUDGED and DECREED that the Defendant, MEMORIAL MEDICAL CENTER, tender the sum of Five Thousand, One hundred Seventy-Eight Dollars and 53/100ths ($5178.53) to Plaintiffs on or before the 6th day of February, 1986.

After this order was entered, Memorial Medical Center filed an amended motion to set aside the sanctions that had been entered by the trial court. Appellant claimed that the trial court had no authority to enter the order since 1) no written motion for sanctions had been filed, 2) adequate notice of a hearing on the oral motion had not been given, 3) proper receipt of evidence to support the allegations had not been heard, and 4) the sole sanction available to the trial court when new matter was discovered during the trial of a case or discovered after the 30 day provision on supplementation was to restrict the use in evidence of such documentation produced. Plaintiffs responded to the motion, a hearing was held and the motion was denied. Memorial Medical Center has attempted to file this appeal.

The issue to be decided in this appeal is whether this order entered by the trial court is appealable prior to entry of a final judgment on the main case.

■ An order which does not expressly dispose of all parties and issues is regarded as interlocutory. *See Taliaferro v. Texas Commerce Bank*, 660 S.W.2d 151 (Tex. App.—Fort Worth 1983, no writ); *Parks v. Huffington*, 616 S.W.2d 641 (Tex.Civ.App.—Houston [14th Dist.] 1981, writ ref'd n.r. e.); *But see Warford v. Childers*, 642 S.W.2d 63 (Tex App.—Amarillo 1982, no writ).

■ The record shows that all parties to this lawsuit have not been disposed of and all issues have not been addressed. The only event that has taken place is the imposition of sanctions against Memorial. There has been no final judgment entered in this case, no liability determined, and no damages awarded. We hold that the order is interlocutory. *See Arndt v. Farris*, 633 S.W.2d 497 (Tex.1982); *Clear Lake City Water Authority v. Winograd*, 678 S.W.2d 740 (Tex.App.—Houston [14th Dist.] 1984, no writ).

■ Interlocutory orders are appealable only when permitted by statute or by rule. *Henderson v. Shell Oil Company*, 143 Tex. 142, 182 S.W.2d 994 (1944); *Taliaferro v. Texas Commerce Bank*, 660 S.W.2d 151 (Tex.App.—Fort Worth 1983, no writ); *City of Arlington v. Texas Electric Service Company*, 540 S.W.2d 580 (Tex.Civ. App.—Fort Worth 1976, writ ref'd n.r.e.).

■ Appellant cites no rule or statute which permits an interlocutory appeal. Here, appellant argues that the order is void, that its entry violates due process principles and therefore is appealable prior to final judgment. Appellant asserts that:

(1) there was no evidence or insufficient evidence to establish any violation of the Rules of Civil Procedure relating to pretrial discovery;

(2) the trial court placed a duty of supplementation of discovery production after commencement of trial when no

such duty existed under the Rules of Civil Procedure;

(3) the trial court exceeded its authority by not following the clear dictate of Rule 215(5) Texas Rules of Civil Procedure;

(4) no pleadings were filed nor was proper notice of the hearing to assess sanctions given.

In support of the above arguments, appellant cites cases where interlocutory appeals have been allowed from *void* judgments. *Fulton v. Finch,* 162 Tex. 351, 346 S.W.2d 823 (1961); *Henn v. Amarillo,* 157 Tex. 129, 301 S.W.2d 71 (1957); *Williams v. Steele,* 101 Tex. 382, 108 S.W. 155 (1908); *Aycock v. Williams,* 18 Tex. 392 (1857); *Hearn v. Cutberth,* 10 Tex. 216 (1853); *Jones v. Bass,* 49 S.W.2d 723 (Tex.Comm'n App.1932); *Ramsey v. Morris,* 578 S.W.2d 809 (Tex.Civ.App.—Houston [1st Dist] 1979, writ dism'd); *Caddell v. Gray,* 544 S.W.2d 481 (Tex.Civ.App.—Waco 1976); *Matlock v. Williams,* 281 S.W.2d 229 (Tex. Civ.App.—Beaumont 1955); *Coast v. Coast,* 135 S.W.2d 790 (Tex.Civ.App.—El Paso 1949).

The cases cited by appellant discuss *jurisdiction* of the trial courts. The present action is not governed by these cases. Here, the trial court had *jurisdiction* over this cause but did not enter a final judgment.

Rule 215 of the Texas Rules of Civil Procedure (which governs imposition of sanctions) states that orders made under this rule shall be subject to review on appeal from the *final* judgment. We agree that sanctions imposed pursuant to this rule should be reviewed *on appeal.* This can take place after the entry of the *final* judgment, not piecemeal, by an interlocutory appeal.[2]

Appellant has filed a motion for extension of time to file a brief, and appellees have filed a motion to dismiss the appeal.

Appellant's motion for extension of time to file a brief is dismissed. Appellees' motion to dismiss the appeal is dismissed. The appeal is DISMISSED FOR WANT OF JURISDICTION. Costs of the appeal are assessed against Memorial Medical Center.

---

2. We are aware of cases challenging the imposition of sanctions under Rule 215 in *mandamus* proceedings, however that issue is not before us. *Lone Star Life Insurance Company v. The Honorable John Street,* 703 S.W.2d 426 (Tex.App.— Fort Worth 1986); *The Atchison, Topeka and Santa Fe Railway Company v. The Honorable Weldon Kirk,* 705 S.W.2d 829 (Tex.App.—Eastland 1986).