COURT OF APPEALS

                                       SECOND DISTRICT OF TEXAS

                                                   FORT WORTH

 

 

                                        NO. 2-09-239-CV

 

 

VICTOR J.
BURGESS, D/B/A                                         APPELLANT

EYDIE=S BAIL BONDS,
AND 

THE LOCAL AGENT FOR SENECA 

INSURANCE CO., INC.

                                                                                                        

                                                   V.

 

THE STATE OF TEXAS                                                            APPELLEE

 

                                              ------------

 

            FROM THE 362ND
DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------

Appellant Victor J. Burgess, d/b/a Eydie=s Bail Bonds, and the Local Agent for Seneca
Insurance Co., Inc. (Burgess) appeals the trial court=s bond forfeiture judgment.  In three issues, Burgess contends that the
trial court unlawfully assessed a court cost for service of citation by
certified mail as part of the judgment. 
We affirm.








Background
Facts

John G. Smith, who was charged with possessing a
controlled substance, failed to appear at a court hearing.  Therefore, the trial court signed a judgment
nisi that forfeited his $5,000 bond, which Burgess had signed as surety.[1]
In June 2007, the Denton County District Clerk sent notice of the
judgment nisi to Smith by citation through first class mail at the address that
he had provided on the bond and sent notice of the judgment nisi to Burgess by
citation through certified mail.[2]








Burgess filed an answer to the forfeiture action,
and then the State filed a motion for summary judgment that included the State=s contention that Burgess was required to pay
court costs for the service of citation upon him. The State asserted in part
that the trial court did not have the Aauthority to decide what costs are assessed and
whether such costs are reasonable@ because such a decision Awould require the proper parties to be before a
court having proper jurisdiction in an action regarding the appropriateness of
civil court costs, (some of) which are set by the Commissioners Court.@[3] 

Burgess=s response to the State=s summary judgment motion did not contest Burgess=s general liability on the forfeiture of Smith=s bond; instead, the response raised only the
issue of whether the State was entitled to recover the cost that was charged by
the district clerk for service of citation by certified mail.  After the State filed a reply to Burgess=s response, the trial court signed a final
judgment in favor of the State that awarded, among other relief, all of the
court costs that the district clerk had assessed.  According to a document titled ACIVIL BILL OF COST,@ the court costs amounted to $251 and
specifically included a $68 cost for citation by certified mail.[4]








Burgess asked the trial court to enter findings
of fact and conclusions of law, but the court never did so.  Burgess filed a notice of appeal,
stating that he is appealing as AVictor J. Burgess, d/b/a Eydie=s Bail Bonds, and the Local Agent for Seneca
Insurance Co., Inc.@

Standing

Before the submission of this appeal, the State
filed a motion to dismiss the appeal for lack of jurisdiction.  Based on the contents of the motion to
dismiss and on the State=s
oral argument, we broadly construe the motion as challenging Burgess=s standing to bring the appeal because he (1) is
allegedly not the surety on the bond and is therefore not liable to pay the
trial court=s
judgment and (2) does not have authority to bring an appeal as an agent of
Seneca Insurance Co., Inc., which is allegedly the real surety on the bond. 








The issue of a party=s standing may be raised for the first time on
appeal. City of Arlington v. Centerfolds, Inc., 232 S.W.3d 238, 244
(Tex. App.CFort
Worth 2007, pet. denied).  In order to
maintain a suit, a plaintiff must have a justiciable interest in the subject
matter of the litigation.  Id.  A party=s standing to maintain a suit, which is a
component of subject matter jurisdiction, may be satisfied when the party has a
personal stake in the outcome of the suit and the party has suffered a concrete
and particularized injury.  Brown v.
Todd, 53 S.W.3d 297, 305 (Tex. 2001) (citing Raines v. Byrd, 521
U.S. 811, 819, 117 S. Ct. 2312, 2317 (1997)); see City of Fort Worth v. D.T.,
165 S.W.3d 425, 427 (Tex. App.CFort Worth 2005, no pet.) (explaining that to
establish standing, Aone
must show a justiciable interest by alleging actual or imminent threat of
injury peculiar to one=s
circumstances and not suffered by the public generally@).

An affidavit that Burgess filed on appeal
explains,

[W]hen I commenced my business relationship with
Seneca, I entered into a written, contractual indemnity agreement with
Seneca.  Specifically, under that
indemnity agreement . . .[,] wherein I am expressly identified as AAgent/Indemnitor,@ when there is
a bail bond forfeiture arising from a bond that I have executed as Aagent@ of Seneca, I am required to indemnify Seneca for any financial loss
to [Seneca] arising out of such forfeiture. Under this agreement, my failure to
pay Seneca the amount of any financial loss to [Seneca], arising out of a bail
bond forfeiture for which I am responsible while doing business as Eydie=s Bail Bonds, would result not only in my losing the support of Seneca
as my collateral security, but would also result in the loss of my license to
write bail bonds in Denton County, Texas.[[5]]








Additionally,
the particular wording of the judgment that the trial court signed in this case
designates AVICTOR
J. BURGESS, AGENT D/B/A EYDIE=S BAIL BONDS@ as being responsible to pay the judgment.  We conclude that these documents, which
establish (1) Burgess=s
general liability to pay bond forfeiture judgments against Seneca Insurance
Co., Inc. when he has executed bonds as Seneca Insurance Co., Inc.=s agent and (2) his specific liability to pay the
judgment in this case, comprise evidence that Burgess has a particularized,
personal stake in the outcome of this appeal and therefore has standing on that
basis.  See Brown, 53 S.W.3d at
305; see also Torrington Co. v. Stutzman, 46 S.W.3d 829, 844 (Tex. 2000)
(ATorrington has a clear justiciable interest in
appealing the judgment against Textron, which it would have to pay.@).   

As to the State=s argument that Burgess does not have authority
to pursue an appeal on behalf of Seneca Insurance Co., Inc., the record
contains a document titled APOWER OF ATTORNEY@ that relates specifically to the execution of
Smith=s bond, names Burgess as an AExecuting Agent,@ and states,








Seneca Insurance Company, Inc. . . . has
constituted and appointed . . . the named Executing Agent its true and lawful
Attorney-In-Fact, with full power and authority to sign the company=s name and affix its corporate seal to . . . any and all obligations
as herein provided, and the execution of such obligations in pursuance of these
presents shall be as binding upon the company as fully and to all intents and
purposes as if done by the regularly elected officers of said company . . . ;
and the said company hereby ratifies and confirms all and whatsoever its said
attorney-in-fact may lawfully do and perform in the premises by virtue of these
presents.

 

Another
document, titled AQUALIFYING
POWER OF ATTORNEY,@
contains similar language generally related to Burgess=s relationship with Seneca Insurance Co., Inc.[6]  








The State argues, ANowhere in these documents does [Seneca Insurance
Co., Inc.] give to [Burgess] the authority to defend or appeal a bond
forfeiture action.@  However, Burgess=s affidavit that he filed in this court states
that he is @authorized,
in [his] capacity as agent for Seneca, to retain local counsel to
litigate and, if necessary, to prosecute appeals for Seneca arising out
of forfeiture actions concerning bail bonds executed by [him] d/b/a Eydie=s Bail Bonds.@  [Emphasis
added.]  Burgess also presented this
court with a letter from Seneca Insurance Co., Inc.=s chief operating officer to him that states, AConsider this letter as verification that you are
authorized to employ the attorney of your choice to represent you as a Bail
Agent for Seneca Insurance Company, Inc. in regards [sic] to outstanding
forfeitures . . . .@  We conclude that the evidence submitted by
Burgess defeats the State=s
argument that Burgess does not have the authority to appeal as the agent for
Seneca Insurance Co., Inc.

 For these
reasons, we conclude that Burgess has standing to maintain this appeal, and we
deny the State=s
motion to dismiss.

Summary
Judgment Standard of Review

We review a summary judgment de novo.  Mann Frankfort Stein & Lipp Advisors,
Inc. v. Fielding, 289 S.W.3d 844, 848 (Tex. 2009).  We consider the evidence presented in the
light most favorable to the nonmovant, crediting evidence favorable to the
nonmovant if reasonable jurors could, and disregarding evidence contrary to the
nonmovant unless reasonable jurors could not. 
Id.  We indulge every
reasonable inference and resolve any doubts in the nonmovant=s favor.  20801,
Inc. v. Parker, 249 S.W.3d 392, 399 (Tex. 2008). A plaintiff is entitled to
summary judgment on a cause of action if it conclusively proves all essential
elements of the claim.  See Tex.
R. Civ. P. 166a(a), (c); MMP, Ltd. v. Jones, 710 S.W.2d 59, 60 (Tex.
1986).        

The
Authorization of the Cost For Service of Citation by Certified Mail








In his first issue, Burgess argues that the $68
cost assessed by the district clerk is unlawful because the Denton County
Commissioners Court has not authorized that cost.  The government code provides that a district
clerk Ashall collect@ a fee for Aserving process by certified or registered mail.@ Tex. Gov=t Code Ann. ' 51.319(2) (Vernon 2005).  The code explains that the fee to be
collected by the district clerk for serving process by certified mail is Athe same fee that sheriffs and constables are
authorized to charge for the service under Section 118.131, Local Government
Code.@  Id.
(emphasis added).

Section 118.131 states in part, 

(a) The
commissioners court of a county may set reasonable fees to be charged for
services by the offices of the sheriff and constables.

 

(b) The
commissioners court may not set fees higher than is necessary to pay the
expenses of providing the services.

 

. . . .

 

(d) The
commissioners court must set the fees before October 1 of each year to be
effective January 1 of the following year.

 

Tex.
Loc. Gov=t Code Ann. ' 118.131 (Vernon 2008); see Camacho v.
Samaniego, 831 S.W.2d 804, 812 (Tex. 1992).








Burgess attached evidence to his summary judgment
response that establishes that the Denton County Commissioners Court has set a
$60 sheriff/constable fee for ACitation@ and has set a fee in the same amount for ACitation by Publication,@ ACitation by Posting,@ ACitation by Scire Facias,@ and ACitationCForcible Detainer.@[7]  Burgess
essentially contends that because the commissioners court has not specifically
set a fee for ACitation
by Certified Mail@
as it did for other types of citation, the district clerk is not authorized to
charge such a fee under the statutes above.








However, the rules of civil procedure
specifically describe certified mailing as one of the two main methods of
service of Acitation,@ and the commissioners court authorized a $60 fee
for service of Acitation.@  See
Tex. R. Civ. P. 106(a)(2); Taylor v. State, 293 S.W.3d 913, 915B16 & n.1 (Tex. App.CAustin 2009, no pet.).  Although Burgess contended during oral
argument that the word Acitation@ in the commissioners court=s schedule of sheriff/constable fees refers only
to service by personal delivery rather than by certified mail, nothing in the
schedule of fees or in the remainder of the record indicates that the
commissioners court intended to limit the meaning of the word Acitation@ in that way, and the rules of civil procedure
and Texas courts signal that Texas sheriffs and constables may serve citation
by certified mail, not only by personal delivery.  See Tex. R. Civ. P. 107 (stating that an Aofficer or authorized person@ may serve citation by certified mail); P
& H Transp., Inc. v. Robinson, 930 S.W.2d 857, 859 (Tex. App.CHouston [1st Dist.] 1996, writ denied); see
also Fellows v. Adams, No. 01‑06‑00924‑CV, 2007 WL
3038090, at *2 (Tex. App.CHouston
[1st Dist.] Oct. 18, 2007, no pet.) (mem. op.) (holding that service of process
through certified mail by a deputy constable was sufficient to support a
default judgment).  Therefore, we hold
that the commissioners court=s authorization of a $60 fee for service of an
unspecified manner of Acitation@ authorizes the charging of that fee when the
citation is served by certified mail, and we overrule Burgess=s first issue to that extent.  








As another part of his first issue, Burgess notes
that while the commissioners court approved a $60 fee for Acitation,@ the district clerk charged $68 in this case for ACITATION BY CERTIFIED MAIL.@  In its
motion for summary judgment, the State generally asserted that Burgess was
liable for all applicable civil court costs and then specifically relied on the
commissioners court=s
order under section 118.131 to establish the district clerk=s ability to collect $60, not $68; thus, Burgess=s statement in his summary judgment response that
the State relied on section 118.131 to authorize the district clerk to recover
a $68 cost is incorrect.  Furthermore,
section 51.317(b)(3) of the government code instructs a district clerk to
collect an $8 fee for the district clerk=s Aissuing@ (as opposed to Aserving@) a citation,[8]
and this justifies the collection of the additional $8 fee.  See Tex. Gov=t Code Ann. ' 51.317(b)(3) (Vernon Supp. 2009).     The district clerk Aissued@ two citations in this case (one for Burgess and
one for Smith), and along with the $68 ACITATION BY CERTIFIED MAIL@ fee in the clerk=s bill of costs, the bill also contains a
separate $8 ACITATION@ fee. 
Although we agree with Burgess=s statement during oral argument that nothing in
the record directly shows that section 51.317(b)(3) is the specific reason that
either of the two $8 fees were charged, Burgess does not dispute that these
fees are authorized to be charged under that statute.  Thus, we hold that the trial court=s inclusion of the two $8 fees did not cause the
rendition of an improper overall calculation of $251 for costs of suit in the
trial court=s
judgment.  See Tex. R. App.
P. 44.1(a)(1); Farlow v. Harris Methodist Fort Worth Hosp., 284 S.W.3d
903, 928 (Tex. App.CFort
Worth 2009, pet. denied).  Therefore, we
also overrule the remaining portion of Burgess=s first issue.








The
Reasonableness of the Cost for Service of Citation by Certified Mail








In his second and third issues, Burgess contends
that even if the Denton County Commissioners Court authorized the cost for service
of citation by certified mail, the cost is nonetheless unlawful under section
118.131 of the local government code because it is not reasonable and is higher
than necessary to pay the expense of the service.  See Tex. Loc. Gov=t Code Ann. ' 118.131(a)B(b). 
Burgess relies on other statutes relating to serving documents by
certified mail and on the postage expense of certified mail in 2007.[9]  See Tex. Civ. Prac. & Rem. Code
Ann. ' 12.005(b)(2) (Vernon 2002) (establishing
the fee for notice of an action involving presentation or use of fraudulent
documents at Athe
cost of postage if the service is by registered or certified mail@); Tex. Code Crim. Proc. Ann. art. 102.006(a)(2)B(3) (Vernon Supp. 2009) (establishing the fee for
serving notices by certified mail in expunction proceedings at the cost of
postage plus $1 or $2).  The State
asserts, among other contentions, that this bond forfeiture action is not the
proper suit to attack the validity of a fee that was authorized by the
commissioners court.

For us to agree with Burgess=s contentions in his second and third issues and
hold that the trial court erred by entering judgment in favor of the State that
includes the cost for service of citation by certified mail, we would be
required to invalidate the Denton County Commissioners Court=s schedule of sheriff/constable fees, at least as
it applies to that method of service. See Harris County v. Proler,
29 S.W.3d 646, 649 (Tex. App.CHouston [14th Dist.] 2000, no pet.) (noting that
the setting of fees under section 118.131 is the sole responsibility of the
commissioners court).  We would have to
do so in a case that was not filed for the purpose of attacking the
commissioners court=s
order (as the case was filed by the State for the forfeiture of Smith=s bond) and in which none of Denton County, the
commissioners court, any of the commissioners court=s members, nor the district clerk (who collects
the fee at issue) have been made parties to the suit. 








District courts have appellate jurisdiction and
general supervisory jurisdiction over the orders of commissioners courts.  See Tex. Const. art. V, ' 8; Wichita County v. Bonnin, 268 S.W.3d
811, 815 (Tex. App.CFort
Worth 2008, pet. denied) (op. on reh=g); Hooten v. Enriquez, 863 S.W.2d 522,
528 (Tex. App.CEl
Paso 1993, no writ).  The legislature has
not established the general manner by which such supervisory jurisdiction may
be used.  Wichita County, 268
S.W.3d at 815.  However, courts,
including our own court, have consistently held that unless a commissioners
court=s order is wholly void, it may not be challenged
through a collateral attack.[10]

In Luck v. Welch, the appellant contended
that a Tarrant County Commissioners Court=s order in 1931 that established a public access
road across the appellant=s
land was invalid because certain statutory procedures had not been
followed.  243 S.W.2d 589, 591 (Tex. Civ.
App.CFort Worth 1951, writ ref=d n.r.e). 
We overruled the appellant=s argument, explaining in part,








All of the cases cited by appellant in support of
the foregoing points were those in which direct attacks were made on the
judgment of the Commissioners= Court. . .
.  >The power of
the District Court to supervise the proceedings of the Commissioners= Court here involved gave the injunction suit the character of a
direct attack upon those proceedings rather than a collateral one. * * *
Th[is] permitted a full inquiry for the purpose of seeing whether throughout
the proceedings the Court had complied with the law, unhindered by any
presumptions ordinarily indulged in a collateral attack upon a judgment of a
court of general jurisdiction.= The
appellant is here making a collateral attack upon the 1931 judgment [of the
commissioners court] twenty years after its rendition and this may not be done.

 

Id. (emphasis added) (citations omitted) (quoting Haverbekken
v. Hale, 109 Tex. 106, 114, 204 S.W. 1162, 1165 (1918)).

Five years later, in reviewing a challenge made
by a private citizen against the Nueces County Commissioners Court to an order
of the commissioners court that authorized payment of $600 to an assistant
district attorney, the Texas Supreme Court stated,

An order of the Commissioners Court acting
judicially on a matter within its discretion is the judgment of a court of
record which is not subject to collateral attack and which may be reviewed only
on appeal or in a direct action for that purpose.  And a suit to enjoin the enforcement of the
judgment of a court other than the one in which the action is brought is
generally regarded as a collateral attack on the judgment. . . .

 

. . . . 

 

It is well
settled that a direct equitable proceeding in district court, the purpose and
effect of which is to review or set aside an order of the Commissioners Court,
comes within the power granted by the constitutional and statutory provisions
above referred to, and has the effect of a direct attack upon the order, at
least where the Legislature has not prescribed the procedure for appealing from
such order.  The present suit invokes the
equity powers of the district court to prevent by injunction the payment of
county funds for a purpose alleged to be illegal.  It is our opinion that the same should be
treated as a direct, rather than a collateral, attack upon the order of the
Commissioners Court authorizing such payment to be made.

 













Scott
v. Graham, 156 Tex. 97, 102B03, 292 S.W.2d 324, 327B28 (1956) (citations omitted).  A year later, the supreme court reiterated
that an order adopted by a commissioners court is generally considered immune
from collateral attack unless it is Awholly void@ and an Aabsolute nullity@ and that Aevery departure from a prescribed method does not
render such [an order] void so as to subject [it] to collateral attack.@  Henn
v. City of Amarillo, 157 Tex. 129, 133B35, 301 S.W.2d 71, 74B75 (1957);[11]
see also Mobil Oil Corp. v. Matagorda County Drainage Dist. No. 3, 597
S.W.2d 910, 911B12
(Tex. 1980) (approving a challenge to an annexation order because suit was
filed against the Matagorda County Commissioners Court as a direct challenge to
the commissioners court=s
exceeding its authority); In re El Paso County Comm=rs Court,
281 S.W.3d 16, 24 (Tex. App.CEl Paso 2005, orig. proceeding) (stating that it
has Along been the law in Texas that a direct
equitable action must be filed in the district court in order to invoke that
court=s jurisdiction to exercise supervisory control of
the commissioners court@);
Tarrant County v. Denton County, 87 S.W.3d 159, 174 (Tex. App.CFort Worth 2002, pet. denied) (explaining that
commissioners courts=
orders may be collaterally attacked only when they are void), overruled on
other grounds by Martin v. Amerman, 133 S.W.3d 262, 268 (Tex. 2004);
City of Katy v. Waterbury, 581 S.W.2d 757, 760 (Tex. Civ. App.CHouston [14th Dist.] 1979, no writ); Atl.
Richfield Co. v. Liberty‑Danville Fresh Water Supply Dist. No. One of
Gregg County, 506 S.W.2d 931, 934 (Tex. Civ. App.C1974, writ ref=d n.r.e.) (A[T]he District Court is authorized to exercise
supervisory control over the Commissioners= Court through its equitable powers in a plenary
suit brought for the purpose of reviewing or setting aside an order of such
court.@).








Courts have noted that a commissioners court=s order may be void when it is unconstitutional,
the commissioners court does not have jurisdiction over the subject matter of
the order, or a condition precedent to the order has not occurred.  See Chenault v. Bexar County, 782
S.W.2d 206, 209 (Tex. 1989); La.‑Pac. Corp. v. Newton County, 149
S.W.3d 262, 265 (Tex. App.CEastland 2004, no pet.); Crider v. Cox,
960 S.W.2d 703, 706 (Tex. App.CTyler 1997, writ denied).  Burgess=s claim in his second and third issues rests on
his contention that the Denton County Commissioners Court misapplied the
authority granted to it by section 118.131; Burgess does not assert that the
commissioners court did not have jurisdiction to set sheriff/constable fees,
that there was an unperformed condition precedent, or that the commissioners
court=s setting the Acitation@ service fee at $60 is unconstitutional.  

Thus, under the authority above, we hold that
Burgess=s challenge to the commissioners court=s order is not an assertion that the order is
void, and, as the State asserts, the challenge may not be made in this
collateral bond forfeiture proceeding but must instead be raised in a separate
action. See Bowles v. Clipp, 920 S.W.2d 752, 754B55 (Tex. App.CDallas 1996, writ denied) (concerning claims in
which individuals who had paid improper criminal bond fees in Dallas County
sued Dallas County and the sheriff). 
Therefore, we overrule Burgess=s second and third issues.








Conclusion

Having overruled all of Burgess=s issues, we affirm the trial court=s judgment.

 

TERRIE
LIVINGSTON

CHIEF JUSTICE

 

PANEL: 
LIVINGSTON, C.J.; DAUPHINOT and MCCOY, JJ.

 

DELIVERED: 
May 13, 2010











[1]A judgment nisi alone Adoes not
authorize recovery of a bond amount by the State.  A judgment nisi is a provisional judgment
that is not final or absolute, but may become final.  Nisi means >unless,= so a judgment nisi is valid unless a party shows cause why it should
be withdrawn.@  Safety Nat=l Cas. Corp. v. State, 273 S.W.3d
157, 163 (Tex. Crim. App. 2008) (citation omitted).





[2]See Tex. Code Crim. Proc. Ann. arts. 22.03B.05 (Vernon 2009); Tex. R. Civ. P. 106(a)(2).





[3]The State also contended, AIt is the
County and the District Clerk who assesses and collects civil court costsCnot the State.  Any court action
regarding the reasonableness of court costs should include those parties.@





[4]The trial court=s June 18, 2009 final judgment does not expressly refer to the parties= summary judgment documents but implies that the court granted the
State=s summary judgment motion.  See
Kendziorski v. Saunders, 191 S.W.3d 395, 402 (Tex. App.CAustin 2006, no pet.) (A[T]he court=s final judgment indicated that Saunders=s motion for summary judgment had been granted.@).  The trial court sent the
parties= counsel an e-mail on July 21, 2009 that said that the court was
rescinding the final judgment so that it could be replaced with an AOrder Granting Summary Judgment.@  The next day, the trial court wrote by hand
on another document contained in the clerk=s record that
it was rescinding the final judgment. 
The record does not contain an order granting summary judgment or a
substitute final judgment, and the trial court=s attempts to rescind its judgment occurred after its plenary power to
do so had expired.  See Tex.
R. Civ. P. 329b(d); Wright v. Pino, 163 S.W.3d 259, 263 (Tex. App.CFort Worth 2005, no pet.).





[5]We may consider documents submitted by the parties that are outside of
the trial court=s record for the purpose of determining our own civil jurisdiction.  See Tex. Gov=t Code Ann. ' 22.220(c) (Vernon Supp. 2009); Sabine Offshore Serv., Inc. v. City
of Port Arthur, 595 S.W.2d 840, 841 (Tex. 1979); Kaufman v. Islamic Soc=y of Arlington, 291 S.W.3d 130, 139 n.20
(Tex. App.CFort Worth 2009, pet. denied).  We will not consider the evidence that has
been submitted by Burgess on appeal for any purpose other than determining our
jurisdiction and resolving the State=s motion to
dismiss.





[6]For instance, the qualifying power of attorney says that Burgess may
affix the seal of Seneca Insurance Co., Inc. on Aall documents necessary or incidental to the execution of bail bonds.@





[7]Although Burgess=s exhibit shows that the commissioners court set these fees in
September 2007, which was after citation was served upon Burgess, Burgess has
not argued at trial or on appeal that the fees in effect when he was served
with citation were different than the fees authorized by the commissioners
court in September 2007.  We may not
reverse the trial court=s judgment on unassigned error. 
Pat Baker Co., Inc. v. Wilson, 971 S.W.2d 447, 450 (Tex. 1998).





[8]Issuance and service of citation are separate acts.  The clerk of the court is responsible to
issue a citation; the party requesting the citation is responsible to ensure
that the citation is properly served.  Tex.
R. Civ. P. 99(a). 





[9]We note that the record does not contain any evidence of how or why
the commissioners court arrived at the $60 figure for service of Acitation,@ nor does it contain evidence regarding the specific administrative
procedures and duties of Denton County employees when they serve citation by
certified or registered mail.





[10]A collateral attack is an Aattempt to
avoid the effect of a judgment in a proceeding brought for some other
purpose.  A direct attack on a judgment,
conversely, is an attempt to change that judgment in a proceeding brought for
that specific purpose, such as an appeal or a bill of review.@  Kortebein v. Am. Mut. Life
Ins. Co., 49 S.W.3d 79, 88 (Tex. App.CAustin 2001,
pet. denied) (citation omitted), cert. denied, 534 U.S. 1128 (2002).





[11]Before the Henn decision, the supreme court indicated that acts
of a commissioners court could be challenged through a collateral attack if
they comprised a Agross abuse of discretion.@  Harrison v. Jay, 153 Tex. 460, 464,
271 S.W.2d 388, 390 (1954) (quoting Yoakum County v. Gaines County, 139
Tex. 442, 448, 163 S.W.2d 393, 396 (1942)). 
But the Henn opinion used the void/voidable distinction to
establish whether a commissioners court=s order is
subject to collateral attack.  Henn,
157 Tex. at 131,133B36, 301 S.W.2d at 72B76.  The supreme court has more recently implied
that a commissioners court=s order that
is arbitrary, capricious, or unsupported by substantial evidence is voidable
and that whether the commissioners court abused its discretion is the relevant
standard in a direct attack on the commissioners court=s order.  See Ector County v.
Stringer, 843 S.W.2d 477, 479 n.2 (Tex. 1992); Pritchard & Abbott v.
McKenna, 162 Tex. 617, 627, 350 S.W.2d 333, 339B40 (1961); see also In re Masonite Corp., 997 S.W.2d 194, 198
(Tex. 1999) (orig. proceeding) (AThat the trial
court=s venue transfer orders were a clear abuse of discretion does not mean
that they were >void.=@).  We have not found any case
decided after Henn in which the supreme court repeated its pre-Henn
language that an abuse of discretion makes a commissioners court=s order reviewable through a collateral attack.