

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-15-00132-CV

IN RE CARLA LORENE COX                           RELATOR

------------

ORIGINAL PROCEEDING
TRIAL COURT NOS. 14-00439

------------

## OPINION

------------

The trial court heard conflicting evidence at the hearing on relator Carla Lorene Cox's disqualification motion. With respect to the resolution of factual issues, which are committed to the trial court's discretion, we may not substitute our judgment for that of the trial court unless the relator establishes that the trial court could reasonably have reached only one decision and that the trial court's decision is arbitrary and unreasonable. *In re Sanders*, 153 S.W.3d 54, 56 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). In other words, we give deference to a trial court's factual determinations that are supported by evidence. *In re Labatt Food Serv., L.P.*,

279 S.W.3d 640, 643 (Tex. 2009) (orig. proceeding).[1] We find that the evidence supports the court's ruling on this motion.

The evidence reflects that in 2011, law student Eric Erlandson worked with then-Denton County prosecutor Cary Piel on a "cold case" murder that had occurred in 2009 in Cooke County, Texas. According to Erlandson, after law school he continued to discuss the case "generally" with Piel until February or March 2014.[2] Cox, who was later indicted in Cooke County for the murder, hired attorney Lee Tatum to represent her when she became a person of interest in the case, but she later discharged him and hired new counsel before Tatum hired Erlandson.

---

[1]No findings of fact were requested of or made by the trial court after the hearing. When no findings of fact or conclusions of law are requested or filed, it is implied that the trial court made all of the findings necessary to support its decision. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990) (child support appeal); *Burgess v. Denton Cnty.*, 359 S.W.3d 351, 356–57 (Tex. App.—Fort Worth 2012, no pet.) (temporary injunction appeal); *see also In re Arterial Vascular Eng'g, Inc.*, No. 05-99-01753-CV, 2000 WL 1726287, at *2 (Tex. App.—Dallas Nov. 21, 2000, orig. proceeding) (not designated for publication) (stating that in a mandamus proceeding, the appellate court will decline to hold that a trial court clearly abused its discretion if the record contains any grounds on which the order can be upheld and that, provided there is support in the record, the court will uphold any implied findings necessary to support the trial court's actions).

[2]Contrary to the dissent's factual recitation, the evidence does not conclusively demonstrate that Piel was "associated" with Erlandson as co-counsel in the prosecution of the murder case while Erlandson was employed with Tatum, nor does Erlandson's testimony that he continued to discuss the case "in general" with Piel through February or March 2014 require the trial court to find that Erlandson and Piel were working together as attorneys in this matter through 2014.

Cox contends that Erlandson's subsequent employment with Tatum more than six months after Cox discharged Tatum as her attorney caused Erlandson, Tatum, special prosecutor Piel, and the Cooke County District Attorney to be disqualified in this case and that the trial court therefore abused its discretion by denying her motion to disqualify the entire Cooke County District Attorney's Office and special prosecutor Piel from prosecuting her for murder. However, by the time Tatum hired Erlandson, the disqualification of Erlandson and Tatum from representing Cox was moot because Cox was no longer Tatum's client.[3] Whether disqualified or discharged, by August 2013, neither Erlandson nor Tatum even purported to represent Cox in this matter.

Therefore, the trial court's decision—supported by the evidence—was not so arbitrary and unreasonable that it amounted to a clear and prejudicial error of law. Because the trial court did not abuse its discretion by denying the motion to disqualify Piel and the Cooke County District Attorney's Office, we deny Cox's petition for writ of mandamus.

/s/ Bonnie Sudderth
BONNIE SUDDERTH
JUSTICE

---

[3]Erlandson testified that he and Piel had not discussed any substantive information about the case at any time other than when he was an intern and that after he went to work for Tatum in August 2013, he did not discuss the case with Piel "other than just generalities of it being a big case in Cooke County and all that." Erlandson further testified that Tatum had never shared any confidential client information with him and that he had never seen the Tatum Law Firm office file on Cox.

3

PANEL: WALKER and SUDDERTH, JJ.; and CHARLES BLEIL (Senior Justice, Retired, Sitting by Assignment).

WALKER, J., filed a concurring and dissenting opinion.

DELIVERED: July 23, 2015